# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Veras-Salazar,<br>　　　　Petitioner,<br>v.<br>Christopher McGregor, *et al.*,<br>　　　　Respondents. | No. CV-26-00293-PHX-JJT (CDB)<br>**ORDER** |

　　　　Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

　　　　The Petition raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Another judge in this district has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners.

　　　　In the show-cause orders I have entered in many of the recent habeas matters raising the same issue, I have also noted that on December 18, 2025, the Central District of

California entered judgment in a class action likely covering Petitioner that declared "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). I have raised the existence of *Bautista* to gather Respondents' input as to how they believe the existence of its certified class impacts the matters brought in the District of Arizona that are before me. However, in any such habeas cases that have proceeded to merits decisions granting or denying habeas relief, I have based my ruling on an independent merits analysis of the competing statutes, which is most clearly reflected in my colleague Judge Lanza's detailed order in *Echevarria*.

The instant Petition is the first I have received on this issue that asks the Court in the District of Arizona to grant habeas relief explicitly on the basis that it must do so in order to enforce the Central District's ruling on behalf of a member of the *Bautista* class. I am as yet unpersuaded of Petitioner's premise that one court may grant habeas relief based on, and to enforce, the judgment of a sister court, and therefore decline Petitioner's invitation to consider that reasoning as the basis for relief here.[1] But Petitioner also presents his argument as to why Respondents have "incorrectly applied section 1225(b)(2)(A) " to him, inviting the Court to undertake the statutory analysis directly in the instant matter. (Doc. 1 at 5-8.) This argument is appropriate for consideration. Respondents must show cause why the Petition should not be granted to the extent that Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

. . .

. . .

---

[1] *Bautista* of course retains its persuasive value on the correct application of the immigration detention statutes at issue.

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition (Doc. 1) upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4) Respondents must show cause no later than **January 23, 2026**, why the Petition should not be granted.

(5) Petitioner may file a reply no later than **January 27, 2026**.

Dated this 20th day of January, 2026.

Honorable John J. Tuchi
United States District Judge